**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4364**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VERONICA PERDOMO,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:18-cr-00673-TMC-1)

Submitted:  November 21, 2019           Decided:  December 10, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Brook Bowers Andrews, Assistant United States Attorney, Columbia, South Carolina, David Calhoun Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veronica Perdomo pled guilty to all 18 counts of an indictment charging her with: wire fraud, 18 U.S.C. § 1343 (2012); impersonating an officer or employee of the United States, 18 U.S.C. § 912 (2012); and fraudulently affixing the seal of a United States agency, 18 U.S.C. § 1017 (2012), and was sentenced to a total term of 27 months' imprisonment. Perdomo appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Perdomo's sentence is reasonable. Although advised of her right to file a pro se supplemental brief, Perdomo has not done so.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

We have reviewed the record and conclude that Perdomo's sentence is procedurally reasonable, and Perdomo fails to rebut the presumption that her sentence is substantively reasonable. The district court properly calculated her Guidelines range and reasonably determined that a sentence at the bottom of the Guidelines range was appropriate in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Perdomo, in writing, of the right to petition the Supreme Court of the United States for further review. If Perdomo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perdomo. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*